## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**ROBERT ALLEN LAWRENCE**

Petitioner,

v.                                                              **CIVIL ACTION NO. 2:16cv235**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Robert Allen Lawrence's ("Lawrence")

Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1,

and the Respondent's Motion to Dismiss, ECF No. 12.  The matter was referred for a

recommended disposition to the undersigned United States Magistrate Judge ("undersigned")

pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern

District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of

Certain Matters to United States Magistrate Judges.   The undersigned makes this

recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and

Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned

**RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED,** and

Lawrence's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKROUND

On September 18, 2006, Lawrence pled guilty in the New Kent County Circuit Court to

unlawful filming of a minor, production of child pornography, and contributing to the

1

delinquency of a minor. ECF No. 7 at 1. The Circuit Court sentenced Lawrence on October 5, 2006, to fifteen years in jail with fourteen years and six months of the sentence suspended and a twelve month jail sentence with all twelve months suspended. *Id.*, attach. 1 at 2-3. Lawrence was also placed on probation and he did not appeal his conviction. *Id.*

The Williamsburg and James City County Circuit Court convicted Lawrence of grand larceny on February 6, 2009, and placed him on probation. ECF No. 7 at 2; attach. 2. The Court also sentenced him to five years of incarceration, but suspended all five years of his sentence. ECF No. 7, attach. 2 at 1. On May 4, 2009, the New Kent County Circuit Court found Lawrence in violation of his probation so it revoked his fifteen years and six months of suspended sentences and sentenced him to six months incarceration and a re-suspended sentence of fifteen years. ECF No. 7 at 2; attach. 3. Lawrence was convicted in the New Kent County Circuit Court on February 11, 2013, on two counts of "unlawfully and feloniously entering upon the ground of New Kent Elementary School during a school-related or school-sponsored activity after being convicted of a sexually violent offense." ECF No. 7, attach. 4 at 1; attach. 6 at 1.

The New Kent County Circuit Court found on April 8, 2013, that Lawrence violated the terms of probation because of his February 2013 convictions, revoked fifteen years of his suspended sentences, and sentenced him to six months in prison and a re-suspended sentence of fourteen years and six months. ECF No. 7, attach. 4 at 1-3. On September 25, 2013, the Williamsburg and James City County Circuit Court found that Lawrence's February 2013 convictions in the New Kent County Circuit Court violated his probation. ECF No. 7 at 2; attach. 5. Lawrence's five year suspended sentence was revoked and he was sentenced to six months in prison and a re-suspended sentence of four years and six months. ECF No. 7 attach. 5. On June 23, 2014, the New Kent County Circuit Court found Lawrence violated his probation

for having to serve six months in prison from the Williamsburg and James City County Circuit Court's probation violation. ECF No. 7 at 2; attach. 6. Lawrence's suspended sentences totaling twenty three years and six months were revoked and he was sentenced to three years in prison with twenty years and six months suspended, for which he is presently confined. ECF No. 7 attach. 6 at 3.

Lawrence filed a petition to modify his sentence in the New Kent County Circuit Court on January 8, 2015. ECF No. 7 at 2; attach. 7. Lawrence argued that the court miscalculated his sentence because the guidelines require three or more previous adult probation revocation events, and "there are only 2 previous eventa [sic]. These are events of May 4, 2009, and April 8, 2013." ECF No. 7, attach. 7 at 1. Lawrence also claimed ineffective assistance of counsel because his attorney "failed to go over the guidelines" with him. *Id.* On January 12, 2015, the Court denied Lawrence's motion because it did "not state sufficient new material evidence to justify a modification of the previous sentence." *Id.* at 7.

Lawrence filed a petition for writ of habeas corpus with the Supreme Court of Virginia on September 4, 2015. ECF No. 7 at 2; attach. 8. He argued that his attorney "failed to recognize an error" with his sentencing guidelines that he committed three previous adult probation revocation events "which bumped [his] sentence range to 2 years to 3 years rather than 1 year to 1 year 6 months." ECF No. 7 attach. 8 at 8. Lawrence claimed his counsel was ineffective because he "did not review, and would not review, these worksheets and guidelines with [him]." *Id.* The Supreme Court of Virginia denied his petition as untimely on December 14, 2015, because it "was not filed within one year after [his] revocation." ECF No. 7 attach. 9 at 1 (citing *Booker v. Director*, 727 S.E.2d 650, 651 (Va. 2012); Virginia Code § 8.01-654(A)(2)).

3

Lawrence placed the instant Petition for federal habeas relief in prison mail on April 28, 2016. ECF No. 7 at 3. The Petition was received by the Court on May 16, 2016, and raised the same grounds alleged in his state habeas petition. ECF No. 1. The Assistant Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss with *Roseboro* Notice, and Brief in Support on July 22, 2016. ECF Nos. 5-8. Lawrence filed a Reply on August 22, 2016. ECF No. 10. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the latest.[1] 28 U.S.C. § 2244(d)(1)(A), (D). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the

---

[1] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The New Kent County Circuit Court revoked Lawrence's suspended sentence and sentenced him to three years of incarceration on June 23, 2014. Lawrence's one year to file a petition in this Court began when his conviction became final thirty days later on July 23, 2014, at the expiration of his time to file a notice of appeal with the Court of Appeals of Virginia. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Lawrence's deadline for filing a federal habeas petition was July 23, 2015 absent tolling.

Lawrence is entitled to four days of tolling for the motion to modify his sentence that he filed on January 8, 2015, that was dismissed on January 12, 2015. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, Lawrence's deadline to file the instant Petition was extended to July 27, 2015. Lawrence's state habeas petition would have tolled the statute of limitations, however, it was not filed until September 4, 2015, after Lawrence's one year to file the instant Petition expired. Since Lawrence did not file his Petition in this Court until April 28, 2016, his filing was untimely.

A court will equitably toll the limitation period in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330 (holding that Courts should only equitably toll the statute of limitations in rare situations "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). A

petitioner is eligible for equitable tolling if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). To do so, a petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). There are rare and specific circumstances that warrant equitable tolling of the one-year statute of limitations period. *See Holland*, 560 U.S. at 649 (finding that egregious conduct by counsel, meaning knowing or reckless factual misrepresentation or exhibited dishonesty, may warrant equitable tolling). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect," but instead must include more culpable attorney misconduct. *Rouse*, 339 F.3d at 246 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Lawrence claimed in his Reply that he filed his Petition "well within the limitations following learning the guidelines were in error." ECF No. 10 at 4. Additionally, Lawrence argued he could not "pursue his rights diligently" because he was "unaware of error, having limited knowledge of the law." *Id.* However, a petitioner's unfamiliarity with the law does not qualify as extraordinary circumstances for granting equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Lawrence's sole argument for equitable tolling is his ignorance of the law. Due to the absence of additional arguments for establishing extraordinary circumstances, there is no rationale on which the undersigned could apply equitable tolling. Therefore, this Court **FINDS** Lawrence's Petition was untimely.

**B. Lawrence's Request for an Evidentiary Hearing**

In Lawrence's Reply, he requested an evidentiary hearing for his claim.  ECF No. 10 at 6.  Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996).  Lawrence has not alleged facts to justify that his Petition was timely filed.  Therefore, Lawrence's request for an evidentiary hearing is **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Lawrence's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Lawrence is notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

7

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

    The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 14, 2016